IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JERRY UNDRE STEWART,** **PLAINTIFF**

**V.** **NO. 3:06CV27-D-D**

**CHRISTOPHER EPPS, ET AL,** **DEFENDANTS**

## O P I N I O N

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Delta Correctional Facility, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He states that he received a Rule Violation Report (RVR) for unauthorized use of a telephone. He appeared before a disciplinary committee which conducted a hearing on the RVR, was found guilty of the offense, and was punished for the violation. Plaintiff contends that there were numerous administrative errors throughout the RVR process, including the following: 1) he was not given a copy of the RVR within 24 hours of the time of the alleged violation; 2) he was not timely notified of when the disciplinary hearing would be held; 3) he requested an investigation into the circumstances of the RVR, but his request was not granted; and 4) the evidence presented at the hearing was insufficient to establish his guilt. He argues that each of these errors denied him due process and that therefore the RVR should be expunged from his records and his custody level should be upgraded.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due

process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

It is clear that whether claims are habeas corpus or civil rights in nature the plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). Since the acts complained of by plaintiff meet the due process requirements, they do not rise to the level of a constitutional violation. Therefore they must be dismissed as failing to state a cause of action upon which relief may be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 3rd day of April, 2006.

/s/ Glen H. Davidson  
CHIEF JUDGE